JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No.: | 2:21-cv-00603-SB-PD | Date: | 2/5/2021 |
|---|---|---|---|

| Title: | *Roque Santi et al v. Tania Elissia Batache et al* |
|---|---|

| Present: The Honorable | STANLEY BLUMENFELD, JR., U.S. District Judge |
|---|---|

| Victor Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** **[In Chambers] ORDER GRANTING EX PARTE APPLICATION FOR REMAND (DKT. NO. 5)**

Before the Court is Plaintiffs Mafalda Fontana and Roque Santi ex parte application to remand this case to Los Angeles County Superior Court and for attorneys' fees. Dkt. No. 5 (App.) Defendant Tania Elissia Batache filed an opposition. Dkt. No. 8 (Opp.).

Plaintiffs' filed a complaint for unlawful detainer in state court. Dkt. No. 1 (Notice of Removal) at 15. Defendant filed various counterclaims arising under federal and state law, *id.* at 36, and removed the case to this Court, *id.* at 1. According to Defendant, the bases for this Court's jurisdiction are 28 U.S.C. §§ 1441(a) and 1443. *Id.* at 3-5. Defendant contends that the counterclaims "raise[] a federal question arising under the laws of the United States." *Id.* at 3. Defendant also argues the state court proceedings have discriminated against her "based on her underlying medical condition" in violation of the Americans with Disabilities Act. *Id.* at 4.

In general, the Court will not grant ex parte relief unless "the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures" and "the moving party is without fault in creating the crisis that requires ex parte relief, or . . . the crisis occurred as a result of excusable neglect." *Mission Power Engineering Co. v. Cont'l Gas Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). But here, the Court "need not determine" whether the application "has met the standard for ex parte relief because the Court can, and in the ordinary course would, remand a case to state court where it lacks subject matter jurisdiction." *Wescom Credit Union v. Dudley*, No. CV 10-8203 GAF SSX, 2010 WL 4916578, at *1 (C.D. Cal. Nov. 22, 2010); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").[1]

The Court concludes that removal was inappropriate. First, under 28 U.S.C. § 1441(a), a defendant may remove "any civil action brought in a State court of which the district courts . . . have original jurisdiction." District courts have original jurisdiction over all civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Whether a claim "arises under" federal law must be determined by reference to the "well-pleaded complaint." *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 9 (1983). It is not enough for removal purposes that a federal question may arise during the litigation in connection with a defense or counterclaim. *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998). Here, Plaintiff's complaint asserts a single cause of action for unlawful detainer. Dkt. No. 1 at 15. A single claim for unlawful detainer is insufficient to invoke federal jurisdiction. *See Wachovia Mortg., FSB v. Rabb*, No. 2:15-cv-03903-ODW (AS), 2015 WL 3454558, at *1 (C.D. Cal. May 29, 2015) (collecting cases). And the mere fact that Defendant's counterclaims or crossclaims implicate federal law is not enough for this Court to exercise subject matter jurisdiction. *Redevelopment Agency of City of San Bernardino v. Alvarez*, 288 F. Supp. 2d 1112, 1115 (C.D. Cal. 2003) ("Removal . . . cannot be based on a counterclaim or cross-claim raising a federal question.").

Second, removal pursuant to 28 U.S.C. § 1443 was also improper. To remove a case under this statute, the removing party must satisfy a two-part test. *California v. Sandoval*, 434 F.2d 635, 636 (9th Cir. 1970). Namely, the party must show that (1) as a defense to a civil action or prosecution, they have asserted "rights that are given to them by explicit statutory enactment protecting equal

---

[1] For the same reason, the Court **DENIES** Defendant's request for additional time to respond to the ex parte application. *See* Opp. 2.

racial civil rights"; and (2) "the state courts will not enforce that right" according to "a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." *Id.*; *see generally Georgia v. Rachel*, 384 U.S. 780; *Greenwood v. Peacock*, 384 U.S. 808. Here, "defendant fails to identify any federal statutory enactment protecting equal racial civil rights that California courts are refusing to enforce" and, thus, "removal pursuant to 28 U.S.C. § 1443 is improper." *Colfin A1-CA4 LLC v. Clark*, No. EDCV 13-1162-CAS SPX, 2013 WL 3967656, at *2 (C.D. Cal. Aug. 1, 2013).

Thus, because the Court has concluded it lacks subject matter jurisdiction over this case, the case is hereby **REMANDED** to Los Angeles County Superior Court.

Finally, Plaintiffs request attorneys' fees incurred as a result of Defendant's removal. App. 5. A party may recover fees and costs associated with a removal only if the removal was objectively unreasonable. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "[T]he burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 980 (9th Cir. 2008).

Here, Plaintiff has provided no evidence beyond counsel's declaration that the rate requested is appropriate. *See La Wave, LLC v. 55 Trading Corp.*, No. 2:17–cv–04173–ODW (JC), 2017 WL 2636032, at *2 (C.D. Cal. June 19, 2017) (declining to award fees associated with objectively unreasonable removal in unlawful detainer action when fee applicant offered only "counsel's cursory affidavit" to support fee request). Moreover, while the Court believes it is appropriate to remand this matter expeditiously on an ex parte basis, it is reluctant to award fees against a pro se litigant without further process.

Thus, the Court **DENIES** Plaintiffs' request for attorneys' fees. Defendant is admonished, however, that future unreasonable removal may be grounds for attorneys' fees or sanctions.

**IT IS SO ORDERED**.